IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANK E. VOTH, | ) | |
| | ) | Civil No. 09-423-HA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON MILLS, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

HAGGERTY, District Judge.

This prisoner 42 U.S.C. § 1983 case comes before the court on plaintiff's Motion for Appointment of Counsel [3], Motion to Disqualify Judges [4], and Motion for Temporary Restraining Order [5].

I. <u>**Motion for Appointment of Counsel**</u>.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e),

1 - ORDER

this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

2 - ORDER

II.  **Motion to Disqualify Judges**.

Plaintiff asks the court to disqualify two Judges in this District from adjudicating this action. Because this case is not assigned to either of Judges at issue in the Motion, the Motion is denied as moot.

III. **Motion for Temporary Restraining Order**.

Finally, plaintiff asks the court to enter a temporary restraining order requiring defendants to transfer him immediately to a single cell within the Administrative Segregation Unit at the Two Rivers Correctional Institution. Plaintiff's Motion for Temporary Restraining Order seeks injunctive relief for more than ten days, thus it is best characterized as a Motion for Preliminary Injunction. *See* Fed. R. Civ. P. 65(b)(2) (Temporary restraining orders are generally allowed for no more than 10 days).

Pursuant to Fed. R. Civ. 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party." Similarly, Fed. R. Civ. P. 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party absent a showing of "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Plaintiff's Motion for Preliminary Injunction includes neither a certificate of service, nor a showing of why

3 - ORDER

notice should not be required in this case.  Accordingly, it is denied.

## CONCLUSION

Plaintiff's motion for appointment of counsel (#3) Motion to Disqualify Judges [4], and Motion for Temporary Restraining Order [5] are DENIED.

IT IS SO ORDERED.

DATED this   27th   day of April, 2009.

                         /s/Ancer L. Haggerty
                         Ancer L. Haggerty
                         United States District Judge