FILED'09 SEP 11 10:25USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK E. VOTH,                                                    CV. 09-423-HA

       Plaintiff,                                                          ORDER

   v.

DON MILLS,

       Defendant.

HAGGERTY, District Judge.

    This prisoner civil rights case comes before the court on plaintiff's Motion for Injunctive Relief [19], Motion for Leave to File Amended Complaint [20], Motion for Declaratory Judgment [26], Second Supplemental Motion for Injunctive Relief [33], Motion for Preliminary Injunction [34], and Motion for Reconsideration [38]. Also before the court is defendant's Motion to Compel [30].

I. **Requests for Injunctive Relief**.

    On April 27, 2009, the court denied plaintiff's first Motion for Temporary Restraining Order. On May 18, 2009, plaintiff appealed this decision to the Ninth Circuit Court of Appeals. "The

1 - ORDER

filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Because plaintiff's Motion for Temporary Restraining Order is currently the subject of an appeal, the court lacks jurisdiction to rule on plaintiff's Motion for Injunctive Relief [19], Motion for Declaratory Judgment [26], Second Supplemental Motion for Injunctive Relief [33], and Motion for Preliminary Injunction [34], all of which seek immediate relief. Accordingly, these Motions are denied without prejudice.

II. **Motion to Amend [20]**.

Plaintiff also moves to file an amended complaint in this case. Defendant objects to plaintiff's proposed amended complaint because plaintiff seeks to add claims which he has not presented for administrative review, thereby leaving them unexhausted.

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies

2 - ORDER

are no longer available. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Instead, he must properly exhaust his administrative remedies prior to filing a suit challenging his prison conditions. *Id* at 85. The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

In his proposed Amended Complaint, plaintiff attempts to bring claims pertaining to his incarceration at the Snake River Correctional Institution, a confinement which did not occur until after the filing of this lawsuit. As a result, plaintiff could not have exhausted his administrative remedies for these claims prior to filing this action, leaving his administrative remedies unexhausted. It is therefore futile to allow amendment of the Complaint. *See Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (futility of amendment is a key factor when ruling on a motion to amend).

### III. **Motion for Reconsideration [38]**.

Plaintiff asks the court to reconsider its prior ruling on his Motion for Temporary Restraining Order. That issue is currently before the Court of Appeals, and this court has no jurisdiction to reconsider its decision. Accordingly, the Motion is denied.

### IV. **Motion to Compel [30]**.

Finally, defendant moves for an order compelling plaintiff to sign a release which authorizes defendant to obtain and disclose

3 - ORDER

plaintiff's health care records as necessary in this litigation. Defendant's Motion is granted. The reach of this Order is limited to plaintiff's medical records as they are relevant to this proceeding, and is also limited in duration to the pendency of this case.

### CONCLUSION

Plaintiff's Motion for Injunctive Relief [19], Motion for Leave to File Amended Complaint [20], Motion for Declaratory Judgment [26], Second Supplemental Motion for Injunctive Relief [33], Motion for Preliminary Injunction [34], and Motion for Reconsideration [38] are DENIED.

Defendant's Motion to Compel [30] is GRANTED.

IT IS SO ORDERED.

DATED this 11 day of September, 2009.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

4 - ORDER