IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FRANK E. VOTH,

Plaintiff,

v.

DON MILLS,

Defendant.

Civil No. 09-423-HA

OPINION AND ORDER

Frank E. Voth
#6100632
SRCI
777 Stanton Blvd.
Ontario, OR 97914

Plaintiff, *Pro Se*

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
1162 Court Street NE
Salem, OR 97301-4096

Attorneys for defendant

HAGGERTY, District Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this action *pro se* pursuant to 42 U.S.C. § 1983. The court issued a Summary Judgment Advice Notice [110] to plaintiff on August 16, 2010 advising him of the federal summary judgment standards. Currently before the court are the parties' cross-motions for summary judgment. For the reasons which follow, defendant's Motion for Summary Judgment [99] is granted, and plaintiff's Motion for Partial Summary Judgment [72] is denied.[1]

**BACKGROUND**

On April 20, 2009, plaintiff filed a 42 U.S.C. § 1983 civil rights Complaint alleging that he had been assaulted at the Two Rivers Correctional Institution ("TRCI") on March 13, 2009 and that the assignment office continued to assign him to cells in proximity to his known enemies at TRCI. Complaint (#2), p. 1. According to plaintiff, defendant assigned him to a dangerous housing situation in retaliation for plaintiff's filing grievances. *Id* at 2. He claims that although he has asked for a single cell, prison officials refuse to provide him with one. *Id* at 3.

Plaintiff also alleges that he is being subjected to cruel and unusual punishment within TRCI's Disciplinary Segregation Unit in the following particulars: (1) his cell lights are kept on 24 hours per day; (2) he has been denied medical treatment; (3) he has been

[1] The court notes that plaintiff has not responded to defendant's Motion for Summary Judgment despite receiving two extensions of time to do so.

forced to discuss confidential medical information publicly; (4) there is excessive noise in the prison; (5) there is inadequate ventilation; (6) there are no tables upon which to write; (7) he has been served cold food which has been spat upon; (8) his personal property has been taken away as punishment; (9) he is only allowed to shower three times per week; (10) he has been denied outside recreation as a sanction; (11) he has been denied access to the Multnomah County Circuit Court; (12) it takes seven to ten days to mail out legal documents; (13) he is not allowed to have highlighters and legal stamps; (14) he is forced to send legal documents to the law library to be copied outside of his view, where documents have been removed and destroyed; (15) plaintiff is forced to allow other inmates other access to his legal material; (16) he is charged for copies he does not request; (17) he has been denied various legal materials and access to a computer to conduct legal research; (18) plaintiff has been harassed, intimidated, and threatened by correctional officers within the segregation unit; and (19) plaintiff has been "short-sheeted" on sheet exchange day.

Plaintiff asks the court for injunctive and declaratory relief relating to these conditions of confinement, and reimbursement of his costs.

**STANDARDS**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A

party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Rather, he must come forward with sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e). Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. *Id*; *see also Celotex Corp.*, 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits, depositions, answers to interrogatories, and admissions. *Celotex Corp.*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). If "the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

**DISCUSSION**

As an initial matter, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045.

Plaintiff sets forth most of his allegations in terms of the general state of the prison, or in a way so as to not name any particular individual as bearing responsibility. The only named defendant in this action is Defendant Mills, and the closest plaintiff comes to making an allegation resembling one of personal participation against Mills is as follows: "The defendant and/or his agents are knowingly, willingly, and intentionally, assigning plaintiff to cells with Housing Units where he will be sexually and physically assaulted as retaliation for writing kytes and filing grievances with government agencies." Complaint (#2), p. 2. As plaintiff assigns blame for his housing assignment to the "Assignment Office," he is seeking to implicate defendant Mills

based upon his position as the Warden of TRCI, something which plaintiff cannot do. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045. As such, defendant Mills is entitled to summary judgment.

In addition, all of plaintiff's allegations pertain to his incarceration at TRCI. As is relevant to this case, plaintiff was housed at TRCI from December 31, 2008 until June 17, 2009. Declaration of Steven Boston (#103), p. 2. Because plaintiff is now incarcerated at the Snake River Correctional Institution, and as he seeks only injunctive and declaratory relief pertaining to the conduct which allegedly occurred only at TRCI, all of his claims were mooted by his transfer from TRCI. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995 (claim for injunctive relief pertaining to conditions of confinement is mooted upon transfer to another prison); *Preiser v. Newkirk*, 422 U.S. 395, 403 (request for declaratory judgment rendered moot by transfer).

Even if plaintiff's Eighth Amendment failure to protect claim against Defendant Mills was not predicated on respondeat superior theory of liability, and further assuming the failure to protect claim was not mooted by plaintiff's transfer from TRCI in June of 2009, Defendant Mills would still be entitled to summary judgment in this case. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citation omitted). The failure to protect inmates from attacks by other inmates may

violate the Eighth Amendment when (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. *Id* at 834. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id* at 835.

Plaintiff alleges that the March 13, 2009 assault took place in the recreation yard. While plaintiff alleges that he had been assaulted previously, there is no allegation in the Complaint that the March 13 assault had anything to do with his cell assignment. When he reported the assault to the Unit Sergeant (who is not named as a defendant), plaintiff refused to identify who assaulted him, prompting the Unit Sergeant to advise him that "unless he told who assaulted him nothing can be done." Complaint (#2), p. 2.

Plaintiff has not made any allegation that: (1) he advised defendant prior to his assault that he felt he was being placed in a dangerous situation; (2) defendant personally directed plaintiff's housing assignment with the knowledge that plaintiff would be in danger; or (3) plaintiff advised defendant that his cell assignment caused the March 13 assault, yet defendant ignored the potential peril plaintiff faced. Instead, plaintiff alleges only that he was assaulted, and that he failed to identify his assailant to the prison's guards. Based upon these facts, a

rational factfinder could not conclude that Warden Mills failed to protect plaintiff with respect to housing assignments.

For all of these reasons, Defendant Mills is entitled to summary judgment.

**CONCLUSION**

For all of the reasons identified above, defendant's Motion for Summary Judgment [99] is GRANTED, and plaintiff's Motion for Partial Summary Judgment [72] is DENIED. As a result, plaintiff's Motions for Temporary Restraining Order [113] and [125] are also DENIED.

IT IS SO ORDERED.

DATED this 9 day of December, 2010.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge